James Elmore SIDES, Plaintiff-Appellant,

v.

FEDERATED DEPARTMENT STORES, INC., Defendant-Appellee.

No. 29998

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1970.

New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Herbert C. Martin, Amarillo, Tex., for appellant.

S. Tom Morris, Max R. Sherman, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Plaintiff Sides entered into the employ of defendant Federated Department Stores, Inc. (hereinafter Federated) in June of 1948. In 1953 he became a participant in a Retirement Income and Thrift Incentive Plan administered for the defendant by a trustee. Since that time both plaintiff and defendant have made contributions to the Plan on plaintiff's behalf, as provided by its terms. In July of 1968 the plaintiff, still a Federated employee, brought this diversity action to recover the sums deposited to his credit by the employer, on grounds of fraud, bad faith, and economic duress. At the close of plaintiff's case in chief, the District Judge granted defendant's motion for a directed verdict. Sides appeals from the judgment for Federated and the District Judge's order overruling his motion for a new trial. We affirm.

The Plan provides that, should Sides' employment terminate at any time, he is entitled—at a minimum—to a refund of the full dollar amount of his own contributions. The Plan further entitles Sides to receive *all* amounts credited to his account, if his participation "shall terminate by reason of termination of his employment (a) after he has attained his 62nd birthday, or (b) after he has both attained his 57th birthday and completed 20 years of regular employment * *"

The District Court was clearly correct in finding that Sides had not met these criteria: at the time he instituted the action he was 42, and at the close of the trial he was still in the defendant's employ.

Sides concedes this much. He contends, however, that in 1967 his employer, recognizing that Sides would soon become entitled to full recovery under the Plan, instituted a course of harassment and "economic duress" designed to induce him to quit his job and forfeit his rights. He alleges that Federated, in bad faith and with fraudulent intent, demoted him from department manager in its Amarillo store to a sales position in another department which it knew would pay Sides "less than a living wage," and commenced to make "errors" with respect to his regular working entitlements (salary, commission, leave) which ran uniformly in its favor. On traditional contract principles, Sides maintains, he is entitled to receive the benefit of the original bargain—the value of the employer's contributions to the Plan in his behalf—and exemplary damages besides.

Though Sides fails to make his legal theory entirely clear, we think the District Court was correct in focusing on the allegations of the employer's bad faith as the heart of the matter. Nothing in the case authorities marshalled by the appellant suggests that joint participation in the Retirement Income and Thrift Incentive Plan placed Federated under an absolute duty to maintain Sides in its employ in any post, or to immunize him from innocent errors in the calculation of his regular working entitlements. *Cf.* Hablas v. Armour & Company, 8 Cir., 1959, 270 F.2d 71. Yet if it could be shown that the employer deliberately undertook to force Sides out for the purpose of exonerating itself from liability to him under the Plan, there might be equities running in his favor.

On the record at the close of plaintiff's case, the District Judge was fully justified in directing a verdict against the plaintiff, for lack of suffi-

cient evidence that Federated "fraudulently, maliciously, or wrongfully acted in such a manner as forced the Plaintiff to resign or terminate his employment with the Defendant." This was hardly a case of termination by the employer at the eleventh hour; at the time Sides brought the action, not only was he still employed by the defendant, but the date on which he was to become entitled to full recovery under the Plan was still *sixteen years* hence.[1] According to his own testimony, at the time his department was reorganized and Federated officials offered him a different job, "there was no animosity at all" and the Federated official principally involved was "almost in tears." He does not seriously contend that he was induced to stay on with Federated at this time by any representations made to him concerning his retirement benefits. Compare Kain v. Armour & Company, 5 Cir., 1966, 355 F.2d 422. The new job apparently proved unremunerative to Sides; but as he himself testified, a co-worker in a substantially similar salary-plus-commission job earned more than Sides had made on straight salary in his previous post as department manager. Sides' testimony with respect to errors in his compensation, etc., was wholly inconclusive; there was nothing to suggest that the problems involved were atypical of relations between department stores and their employees who sell on commission. Only one witness besides the plaintiff testified, and the extent of her testimony was that she had overheard a telephone conversation in which a Federated official, after commenting that Sides' resignation was anticipated, "kind of laughed."

In the federal courts, a directed verdict is appropriate where "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict * * * *" Boeing Company v. Shipman, 5 Cir., 1969, 411 F.2d 365, 374. Applying this standard to the evidence in this case, we affirm the order of the District Judge directing a verdict for defendant on the ground that plaintiff's evidence on the crucial issue of bad faith was insufficient to warrant submission of the case to the jury.[2] Since plaintiff's motion for a new trial simply restated and contested the grounds on which the Judge directed the verdict, that motion was properly denied.

Affirmed.

---

1. Sides was born in 1927 and joined Federated in 1948. This suit was brought in 1968. By the terms of the Plan, Sides assuming he remained with Federated, could recover the full amount credited to him no earlier than the date of his 57th birthday—May 27, 1984.

2. The District Judge gave as an alternative ground for his order that Sides' remedy lay against the trustee administering the RITI Plan rather than against Federated, the only defendant in the suit. Because we affirm the directed verdict on the ground stated in the text, we do not reach this issue.